## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| LISA DUNAVIN,<br><br>　　　　　　　Plaintiff<br><br>v.<br><br>CRESA GLOBAL, INC.<br><br>　　　　　　　Defendant. | CIVIL ACTION FILE<br>NO. 1:20-cv-05247-CAP-RDC |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Cresa Global, Inc. ("Cresa" or "Defendant") answers the Complaint of Plaintiff Lisa Dunavin ("Dunavin" or "Plaintiff") as follows:

Defendant asserts the following defenses, each of which is expressly pled in the alternative. Defendant does not assume the burden of proof as to any defense except to the extent such is deemed to be an affirmative defense under applicable law.

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted as to any of the claims she purports to assert against Defendant.

## SECOND DEFENSE

Plaintiff has failed to plead sufficient facts which, if proven, would set forth

a plausible claim for unlawful discrimination.

## THIRD DEFENSE

Plaintiff has failed to plead sufficient facts which, if proven, would set forth a plausible claim for unlawful retaliation.

## FOURTH DEFENSE

All actions taken by Defendant with respect to Plaintiff's employment were based on reasonable factors other than age.

## FIFTH DEFENSE

Plaintiff cannot prove that any actions taken by Defendant with respect to Plaintiff's employment were a pretext for discrimination.

## SIXTH DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitations.

## SEVENTH DEFENSE

To the extent Plaintiff's Complaint contains allegations which were not asserted in her EEOC Charge, this Court lacks jurisdiction over any such allegations.

## EIGHTH DEFENSE

At all times herein, Plaintiff was an at-will employee.

## NINTH DEFENSE

All actions taken by Defendant with respect to Plaintiff were taken for legitimate, non-discriminatory, and non-retaliatory reasons.

## TENTH DEFENSE

Without assuming the burden of proof, which remains with Plaintiff, Plaintiff's claims are barred in whole or in part because none of the alleged acts or omissions of Defendant were the proximate cause of any injuries allegedly sustained by Plaintiff.

## ELEVENTH DEFENSE

At all times relevant herein, Defendant had in place measures to prevent and promptly correct any harassing, discriminatory, or retaliatory conduct, and Plaintiff's claims are barred to the extent she failed to take advantage of the preventive and corrective opportunities which Defendant provided, and failed to avoid harm otherwise.

## TWELFTH DEFENSE

To the extent applicable, Defendant asserts the defenses provided for in *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998) and *Burlington Industries v. Ellerth*, 524 U.S. 742.

## THIRTEENTH DEFENSE

Plaintiff's own misconduct and wrongdoing bars her from recovery in this case, and to the extent she is awarded any recovery, the amount must be reduced proportionally by the amount that her own misconduct and wrongdoing caused or contributed to her alleged losses, damages, or injuries.

## FOURTEENTH DEFENSE

Plaintiff's claims for relief are barred to the extent Plaintiff failed to mitigate such damages, if any.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred by the doctrine of after-acquired evidence.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred by the doctrines of estoppel and/or laches.

## SIXTEENTH DEFENSE

Some or all of Plaintiff's claims are barred by the exclusive remedy provisions of Georgia's workers' compensation laws.

## SEVENTEENTH DEFENSE

Plaintiff has suffered no physical and/or pecuniary injury that would entitle her to compensatory damages.

## EIGHTEENTH DEFENSE

Plaintiff's claims for compensatory and punitive damages under Federal law are subject to the limitations imposed by 42 U.S.C. § 1981a(b)(3).

## NINETEENTH DEFENSE

Without assuming the burden of proof, which remains with Plaintiff, any award of punitive damages or exemplary damages in this case would violate the due process and equal protection guarantees and other substantive and procedural safeguards afforded to Defendant under the United States Constitution and applicable and similar sections of the Constitution of the State of Georgia.

## TWENTIETH DEFENSE

Plaintiff's claims for punitive relief are barred, inasmuch as Plaintiff cannot show by clear and convincing evidence that Defendant showed willful misconduct, malice, fraud, wantonness, oppression, or the entire want of care which would raise the presumption of indifference to consequences.

## TWENTY-FIRST DEFENSE

Without limiting any previous defense, insofar as any punitive damages sought by Plaintiff are awarded, such punitive damages may not exceed the sum of substantial compensatory damages that may be awarded to the Plaintiff, as to do so would violate Defendant's due process rights guaranteed by Article I, Paragraph I

of the Constitution of Georgia of 1983 and by the United States Constitution as applied in *State Farm Mutual Automobile Insurance Co. v. Campbell*, 123 S. Ct. 1513 (2003), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424, 121 S. Ct. 1678 (2001), *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996), *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1 (1990), and *Matthews v. Eldridge*, 424 U.S. 319 (1976).

## TWENTY-SECOND DEFENSE

Plaintiff has suffered no physical injury which would entitle her to damages for alleged emotional distress.

## TWENTY-THIRD DEFENSE

Defendant denies that Plaintiff has suffered any emotional, mental, psychological and/or physical damage whatsoever as the result of actions taken by Defendant; and any emotional, mental, psychological or physical condition suffered by Plaintiff is attributable to causes wholly independent of this Defendant's actions.

## TWENTY-FOURTH DEFENSE

Plaintiff's claims are barred to the extent she failed to exhaust her administrative remedies

## TWENTY-FIFTH DEFENSE

Any claims for equitable relief are barred by the doctrine of unclean hands and laches.

## TWENTY-SIXTH DEFENSE

Plaintiff is not entitled to any relief in equity, as an adequate remedy exists at law and Plaintiff has suffered no harm that is immediate and irreparable.

## TWENTY-SEVENTH DEFENSE

Plaintiff's claim for damages under federal law are subject to the limitations imposed by 42 U.S.C. § 1981A(b)(3) and 29 U.S.C. § 621.

Defendant reserves the right to amend or add any additional defenses which may become known during the course of discovery. Subject to the preceding defenses, Defendant answers the specific allegations of Plaintiff's Complaint as follows:

## PARTIES, JURISDICTION, AND VENUE

1.

Defendant admits that Plaintiff purports to bring an action for damages, but denies that Plaintiff's claims have merit and/or that she is entitled to any of the relief sought. Except as expressly admitted or otherwise stated herein, Defendant denies the allegations contained in Paragraph 1 of the Complaint.

2.

Defendant admits it formerly employed Plaintiff and admits, upon information and belief, that Plaintiff is a Georgia resident. Except as expressly admitted or otherwise stated herein, Defendant denies the allegations contained in Paragraph 2 of the Complaint.

3.

Defendant admits the allegations contained in Paragraph 3 of the Complaint.

4.

Defendant admits the allegations contained in Paragraph 4 in the Complaint.

5.

Defendant admits the allegations contained in Paragraph 5 of the Complaint.

6.

Defendant admits the allegations contained in Paragraph 6 of the Complaint.

7.

Defendant generally admits it provides commercial leasing services and has conducted business in Georgia since 1998. Except as expressly admitted or otherwise stated herein, Defendant denies the allegations contained in Paragraph 7 of the Complaint.

8.

Defendant denies as stated the allegations contained in Paragraph 8 of the Complaint.

9.

Defendant admits it provided Plaintiff with an offer letter on March 22, 2019.  The remaining allegations contained in Paragraph 9 of the Complaint are denied as stated.

10.

Defendant admits hiring Plaintiff with the understanding that she would work in Cresa's Atlanta office and that, at the time Plaintiff was hired, approximately forty individuals worked in the Atlanta office. Except as expressly admitted or otherwise stated herein, Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11.

Defendant admits Plaintiff primarily worked in Atlanta, Georgia. Except as expressly admitted or otherwise stated herein, Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12.

Defendant admits Plaintiff primarily worked in Atlanta, Georgia. Except as

expressly admitted or otherwise stated herein, Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13.

Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14.

Defendant admits the allegations contained in Paragraph 14 of the Complaint.

15.

Defendant admits it employed Plaintiff in Atlanta, Georgia. Except as expressly admitted or otherwise stated herein, Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16.

Paragraph 16 is a legal conclusion to which no response is necessary. To the extent a response is required, Defendant states that it does not contest this Court's jurisdiction. Except as expressly admitted or otherwise stated herein, Defendant denies the allegations contained in Paragraph 16 of the Complaint

17.

Paragraph 17 is a legal conclusion to which no response is necessary. To the

extent a response is required, Defendant states that it does not contest this Court's jurisdiction. Except as expressly admitted or otherwise stated herein, Defendant denies the allegations contained in Paragraph 17 of the Complaint

18.

Paragraph 18 is a legal conclusion to which no response is necessary. To the extent a response is required, Defendant states that it does not contest this Court's jurisdiction. Except as expressly admitted or otherwise stated herein, Defendant denies the allegations contained in Paragraph 18 of the Complaint

19.

Paragraph 19 is a legal conclusion to which no response is necessary. To the extent a response is required, Defendant states that it does not contest venue. Except as expressly admitted or otherwise stated herein, Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20.

Defendant admits Plaintiff filed a Charge of Discrimination with the EEOC on or about May 13, 2020 and that the EEOC issued a Right to Sue Notice on or around November 12, 2020. Except as expressly admitted or otherwise stated herein, Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21.

Paragraph 21 is a legal conclusion and recitation of law to which no response is necessary. To the extent a response is required, Defendant states that Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act ("ADEA") speak for themselves. Except as expressly admitted or otherwise stated herein, Defendant denies the allegations contained in Paragraph 21 of the Complaint.

## **FACTUAL BACKGROUND**

22.

Defendant admits that it is a commercial real estate firm headquartered in Washington, D.C. Defendant denies as stated the remaining allegations contained in Paragraph 22 of the Complaint.

23.

Defendant admits the statement quoted in Paragraph 23 appears on Cresa's website. Except as expressly admitted or otherwise stated herein, Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24.

Defendant admits the allegations contained in Paragraph 24 of the Complaint.

25.

Defendant generally admits Plaintiff worked in the commercial real estate industry for a number of years. Defendant is without sufficient knowledge or information to admit or deny Plaintiff's opinion of her reputation "within the commercial real estate industry", and therefore denies same. Except as expressly admitted or otherwise stated herein, Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26.

Defendant admits having knowledge that Plaintiff worked at Cushman & Wakefield prior to joining Cresa. Defendant is without sufficient knowledge or information to admit or deny Plaintiff's opinion of her performance or reputation while employed at Cushman & Wakefield and therefore denies same. Defendant is also without sufficient knowledge or information as to what Plaintiff purportedly believed regarding the job opportunity at Cresa, and therefore denies same. Except as expressly admitted or otherwise stated herein, Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27.

Defendant admits Plaintiff reported to the Atlanta Executive Committee. Defendant denies the remaining allegations contained in Paragraph 27 of the

Complaint.

28.

Defendant generally admits Plaintiff had reporting interactions with Jim Byrd, a co-founder of Cresa's Atlanta office, its Managing Principal and Executive Committee member. Defendant denies the remaining allegations contained in Paragraph 28 of the Complaint.

29.

Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30.

Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31.

Defendant denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32.

Defendant denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33.

Defendant denies the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34.

Defendant denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35.

Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36.

Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37.

Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38.

Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39.

Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40.

Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41.

Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42.

Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43.

Defendant admits Byrd and Dunavin had conversations regarding recruiting efforts. Defendant denies as stated the remaining allegations contained in Paragraph 43 of the Complaint.

44.

Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45.

Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46.

Defendant denies the allegations contained in Paragraph 46 of the Complaint.

47.

Defendant denies as stated the allegations contained in Paragraph 47 of the Complaint.

48.

Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49.

Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50.

Defendant denies the allegations contained in Paragraph 50 of the Complaint.

51.

Defendant denies as stated the allegations contained in Paragraph 51 of the Complaint.

52.

Defendant denies the allegations contained in Paragraph 52 of the Complaint.

53.

Defendant denies the allegations contained in Paragraph 53 of the Complaint.

54.

Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55.

Defendant denies as stated the allegations contained in Paragraph 55 of the Complaint.

56.

Defendant is without sufficient knowledge or information as to what Plaintiff purportedly learned, and therefore denies same.

57.

Defendant denies the allegations contained in Paragraph 57 of the Complaint.

58.

Defendant denies the allegations contained in Paragraph 58 of the Complaint.

59.

Defendant denies as stated the allegations contained in Paragraph 59 of the Complaint.

60.

Defendant denies as stated the allegations contained in Paragraph 60 of the Complaint.

61.

Defendant denies the allegations contained in Paragraph 61 of the Complaint.

62.

Defendant admits Tom Tindall advised Plaintiff she would be reporting to Tindall and Chrismer. Defendant denies the remaining allegations contained in Paragraph 62 of the Complaint.

63.

Defendant admits that Plaintiff, Tindall, and Chrismer met on or about Monday, November 4, 2019.   Defendant denies the remaining allegations contained in Paragraph 63 of the Complaint.

64.

Defendant denies the allegations contained in Paragraph 64 of the Complaint.

65.

Defendant denies the allegations contained in Paragraph 65 of the Complaint.

66.

Defendant denies the allegations contained in Paragraph 66 of the Complaint.

67.

Defendant denies the allegations contained in Paragraph 67 of the Complaint.

68.

Defendant denies the allegations contained in Paragraph 68 of the Complaint.

69.

Defendant denies the allegations contained in Paragraph 69 of the Complaint.

70.

Defendant admits the Executive Committee deferred Plaintiff's 2019 bonus review. Defendant denies as stated the remaining allegations contained in Paragraph 70 of the Complaint.

71.

Defendant admits that, on or around February 3, 2020, Plaintiff responded to the Executive Committee's intent to defer her 2019 bonus review. Defendant denies as stated the remaining allegations contained in Paragraph 71 of the Complaint.

72.

Defendant admits that, on or around February 7, 2020, Plaintiff was notified that her position was being eliminated. Defendant denies as stated the remaining allegations contained in Paragraph 72 of the Complaint.

## COUNT I – TITLE VII SEX DISCRIMINATION

73.

Defendant references and incorporates its responses to the preceding

paragraphs as if set forth in full in response to Paragraph 73 of the Complaint.

74.

Defendant denies the allegations contained in Paragraph 74 of the Complaint.

75.

Defendant denies the allegations contained in Paragraph 75 of the Complaint.

76.

Defendant denies the allegations contained in Paragraph 76 of the Complaint.

77.

Defendant denies the allegations contained in Paragraph 77 of the Complaint.

## **COUNT II – TITLE VII RETALIATION**

78.

Defendant references and incorporates its responses to the preceding paragraphs as if set forth in full in response to Paragraph 78 of the Complaint.

79.

Defendant denies as stated the allegations contained in Paragraph 79 of the

Complaint.

80.

Defendant denies the allegations contained in Paragraph 80 of the Complaint.

81.

Defendant denies the allegations contained in Paragraph 81 of the Complaint.

82.

Defendant denies the allegations contained in Paragraph 82 of the Complaint.

## COUNT III – AGE DISCRIMINATION

83.

Defendant references and incorporates its responses to the preceding paragraphs as if set forth in full in response to Paragraph 83 of the Complaint.

84.

Based on information provided by Plaintiff, Defendant admits the allegations contained in Paragraph 84 of the Complaint.

85.

Based on information provided by Plaintiff, Defendant admits Plaintiff was

approximately sixty-one (61) years old at the time her employment with Cresa ended. Defendant denies the remaining allegations contained in Paragraph 85 of the Complaint.

86.

Defendant denies as stated the allegations contained in Paragraph 86 of the Complaint.

87.

Defendant denies the allegations contained in Paragraph 87 of the Complaint.

88.

Defendant denies the allegations contained in Paragraph 88 of the Complaint.

89.

Defendant denies the allegations contained in Paragraph 89 of the Complaint.

## COUNT IV – PUNITIVE DAMAGES AND EXPENSES OF LITIGATION

90.

Defendant references and incorporates its responses to the preceding paragraphs as if set forth in full in response to Paragraph 90 of the Complaint.

91.

Defendant denies the allegations contained in Paragraph 91 of the Complaint.

92.

Defendant denies the allegations contained in Paragraph 92 of the Complaint.

Defendant denies any and all allegations contained in Plaintiff's Complaint to the extent not expressly admitted, denied, or otherwise stated herein.

**WHEREFORE**, having fully answered Plaintiff's Complaint, Defendant prays as follows:

A.     That Plaintiff have and recover nothing from Defendant and that Plaintiff's Complaint be dismissed with prejudice;

B.     That the costs of this action be taxed against Plaintiff; and

C.     That the Court grant Defendant such other and further relief as it deems appropriate.

Respectfully submitted this 20th day of January, 2021.

HAWKINS PARNELL & YOUNG LLP

*/s/ Ronald G. Polly, Jr.*
Ronald G. Polly, Jr.
Georgia Bar No. 583264

rpolly@hpylaw.com
David C. Marshall
dmarshall@hpylaw.com

303 Peachtree Street, NE
Suite 4000
Atlanta, Georgia 30308
Telephone:   (404) 614-7400
Facsimile:   (404) 614-7500          *Counsel for Defendant*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

LISA DUNAVIN,

          Plaintiff

v.

CRESA GLOBAL, INC.

          Defendant.

CIVIL ACTION FILE
NO. 1:20-cv-05247-CAP-RDC

## CERTIFICATE OF SERVICE

This is to hereby certify that I have this day electronically filed **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT** with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney of record:

MOORMAN PIESCHEL, LLC
Christopher G. Moorman
cgm@moormanpieschel.com
One Midtown Plaza
1360 Peachtree Street, NE
Suite 1205
Atlanta, Georgia 30309

This 20th day of January, 2021.

*/s/ Ronald G. Polly, Jr.*
Ronald G. Polly, Jr.
Georgia Bar No. 583264