IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LISA DUNAVIN,<br><br>                Plaintiff<br>v.<br><br>CRESA GLOBAL, INC.<br><br>                Defendant. | CIVIL ACTION FILE<br>NO. 1:20-cv-05247-CAP-RDC |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

Pursuant to Local Rule 16.2, Plaintiff Lisa Dunavin ("Plaintiff" or "Dunavin") and Defendant Cresa Global, Inc. ("Defendant" or "Cresa") (the "parties" collectively), submit the following Joint Preliminary Report and Discovery Plan:

**1.   Description of Case:**

    a.   *Describe briefly the nature of this action.*

Plaintiff alleges Defendant, her former employer, discriminated against her based on her age (in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C.A., § 621) and sex (in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*.) She also alleges Defendant unlawfully retaliated against her (in violation of Title VII). Defendant

denies it discriminated against Plaintiff in any way.

  b. *Summarize the facts of this case. The summary should not be argumentative nor recite evidence.*

Plaintiff's Response:

Plaintiff Lisa Dunavin ("Dunavin") brings claims against her former employer Cresa Global Inc. ("Cresa"), a commercial real estate firm, for damages for her wrongful termination, alleging sex and age discrimination, and retaliation.

An experienced and highly regarded veteran in the commercial real estate industry, Dunavin was hired to be the Market Leader of Cresa's Atlanta Office. Dunavin began working April 29, 2019 and reported to the Atlanta Executive Committee, which consisted of Bubba Chrismer, Tom Tindall, and Jim Byrd. Most of Dunavin's day-to-day reporting interactions were with Jim Byrd ("Byrd"), a managing principal and an Executive Committee member.

Dunavin ran into barriers while working with Byrd, whose comments, actions, and hostility repeatedly revealed gender and age bias, and sex-based stereotyping. On repeated occasions, Byrd demeaned and undermined Dunavin and minimized her role and status in front of co-workers and support staff.

Byrd's conduct and biases and Dunavin's complaints about same were known to the other leaders in the Atlanta office and to Cresa's corporate leadership. In light of

issues raised by Dunavin, CEO Jim Underhill spoke with others about whether it would be a good idea for Byrd to "retire."

By the Fall of 2019, Dunavin indicated to Chrismer and Tindall that she would be resigning because Byrd's conduct had grown intolerable. Dunavin was led to believe that Byrd would be removed from the Executive Committee and that she would not have to continue reporting to him. Because of this, Dunavin was persuaded not to resign. However, Byrd was ultimately not removed from the EC; and Dunavin was instructed to "get past it."

A few short months later, Dunavin was told that her position was no longer justified and that she was being terminated from the company. Cresa announced internally that Dunavin's position had been eliminated.

Defendant's Response:

Cresa hired Ms. Dunavin in March of 2019 to fill a newly-created position of "Market Leader" for Cresa's Atlanta office. The performance expectations for this position were communicated to Ms. Dunavin, but she failed and/or outright refused to undertake most of her assigned tasks. Ms. Dunavin was insubordinate and created conflict among her co-workers. After nearly a year, it became obvious Ms. Dunavin had no intention of performing the job for which she was hired. Cresa

therefore decided to eliminate the Market Leader position and terminated Dunavin's employment on February 7, 2020.

    c.    *The legal issues to be tried are as follows:*

    1.    Whether Cresa discriminated against Plaintiff based on her sex in violation of Title VII;

    2.    Whether Cresa discriminated against Plaintiff based on her age in violation of the ADEA;

    3.    Whether Cresa retaliated against Plaintiff in violation of Title VII;

    4.    Whether Plaintiff is entitled to recover damages and, if so, the amount; and

    5.    And whether Plaintiff is entitled to recover attorney's fees and costs.

    d.    *Pending Related Cases:*

None.

    e.    *Previously Adjudicated Related Cases:*

None.

**2.     This case is complex because it possesses one (1) or more of the features listed below (please check):**

|          | (1)  | Unusually large number of parties |
|----------|------|-----------------------------------|
| _____   | (2)  | Unusually large number of claims or defenses |
| _____   | (3)  | Factual issues are exceptionally complex |
| _____   | (4)  | Greater than normal volume of evidence |
| _____   | (5)  | Extended discovery period is needed |
| _____   | (6)  | Problems locating or preserving evidence |
| _____   | (7)  | Pending parallel investigations or action by government |
| _____   | (8)  | Multiple use of experts |
| _____   | (9)  | Need for discovery outside United Stated boundaries |
| _____   | (10) | Existence of highly technical issues and proof |
| _____   | (11) | Unusually complex discovery of electronically stored information |

**3.     Counsel:**

*The following individually named attorneys are hereby designated as lead counsel for the parties:*

Plaintiff:

MOORMAN PIESCHEL, LLC
Christopher G. Moorman
cgm@moormanpieschel.com
One Midtown Plaza
1360 Peachtree Street, NE
Suite 1205
Atlanta, Georgia 30309


Defendant:

HAWKINS PARNELL & YOUNG, LLP
Ronald G. Polly, Jr. – lead counsel

Georgia Bar No. 583264
rpolly@hpylaw.com
David C. Marshall
dmarshall@hpylaw.com
303 Peachtree Street, NE
Suite 4000
Atlanta, Georgia 30308
Telephone:  (404) 614-7400
Facsimile:   (404) 614-7500

**4.     Jurisdiction:**

*Is there any question regarding this court's jurisdiction?*

By Plaintiff:          No.

By Defendant:      No.

*If "yes" please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.*

**5.     Parties to This Action:**

a.     *The following persons are necessary parties who have not been joined:*

None.

b.     *The following persons are improperly joined as parties:*

None.

c.     *The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:*

None.

   d.   *The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.*

**6.   Amendments to the Pleadings:**

*Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P.15. Further instructions regarding amendments are contained in LR 15.*

   a.   *List separately any amendments to the pleadings which the parties anticipate will be necessary:*

   b.   *Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the preliminary planning report is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.*

**7.   Filing Times For Motions:**

*All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.*

*All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).*

   a. *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. L.R. 37.1.

   b. *Summary Judgment Motions*: within thirty days after the close of discovery, unless otherwise permitted by court order. L.R. 56.1.

    c. *Other Limited Motions*: Refer to Local Rules 7.2; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

    d. *Motions Objection to Expert Testimony*: *Daubert* motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to L.R. 7.2F.

## 8. Initial Disclosures

*The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and the basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed. R. Civ. P. 26(a)(1)(B).*

Pursuant to Fed. R. Civ. P. 26(a)(1)(C), the parties stipulate that Initial Disclosures will be due by February 19, 2021. No party objects to Initial Disclosures. The parties further stipulate, pursuant to the Local Rules, that the discovery period in this case will commence on February 19, 2021.

## 9. Request for Scheduling Conference

*Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.*

The parties do not request a scheduling conference.

## 10. Discovery Period

*The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.1A, responses to initiated discovery must be completed before expiration of the assigned discovery period.*

*Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.*

*If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery, please state those reasons in detail below:*

**11. Discovery Limitation and Discovery of Electronically Stored Information:**

    a.    *What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?*

The parties agree that standard discovery limitations should apply.

    b.    *Is any party seeking discovery of electronically stored information?*

___X___ Yes                    _____ No

If 'yes,"

    **(1)**    The parties have discussed the format for the production of electronically stored information and have agreed to limit the scope of production (e.g. accessibility, search terms, date limitations, or key witnesses) as follows:

Counsel for the parties will work cooperatively to coordinate electronic discovery searches.

> **(2)** The parties have discussed the format and for the production of electronically stored information (e.g. Tagged Image File Format (TIFF or .TIF files), PDF, or native), method of production (e.g. paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

The parties have agreed to produce electronically stored information in a regularly available format (PDF or TIFF). The parties agree to address issues, including but not limited to the production of metadata, should those needs arise.

*In the absence of agreement on issues regarding discovery of electronically-stored information, the parties shall request a scheduling conference in paragraph 9 hereof.*

**12.  Other Orders:**

*What other orders do the parties think that the Court should enter under Rule 26(e) or under Rule 16(b) or (c)?*

This case may involve the disclosure of confidential and/or personal information by one or both parties. For that reason, the parties will submit a proposed consent protective order in accordance with this Court's Standing Order Regarding Civil Litigation.

**13.  Settlement Potential:**

> a.  *Lead counsel for the parties certify by their signatures below that they met at an early planning conference that was held on February 5, 2021, and that they participated in settlement discussions, as required*

>   *by L.R. 16.1. Other persons who participated in the settlement discussions are listed according to party.*

For Plaintiff:

For Defendant:

Ronald G. Polly, Jr.
/s/ Ronald G. Polly, Jr.

>   b.  *All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:*

(___) A possibility of settlement before discovery.

( X ) A possibility of settlement after discovery.

(___) A possibility of settlement, but a conference with the judge is needed.

(___) No possibility of settlement.

>   c.  *Counsel ( X ) do or (  ) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.*
>
>   d.  *The following specific problems have created a hindrance to settlement of this case:*

**14.  Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

>   a.  *The parties (_____) do consent to having this case tried before a magistrate judge of this court.*
>
>   b.  *The parties ( X ) do not consent to having this case tried before a magistrate judge of this court.*

This 19th day of February, 2021.

| **MOORMAN PIESCHEL, LLC** | **HAWKINS PARNELL & YOUNG** LLP |
|---|---|
| */s/ Christopher G. Moorman* | */s/ Ronald G. Polly, Jr.* |
| Christopher G. Moorman | Ronald G. Polly, Jr. |
| cgm@moormanpieschel.com | Georgia Bar No. 583264 |
| One Midtown Plaza | rpolly@hpylaw.com |
| 1360 Peachtree Street, NE | David C. Marshall |
| Suite 1205 | dmarshall@hpylaw.com |
| Atlanta, Georgia 30309 | 303 Peachtree Street, NE |
|  | Suite 4000 |
| *Counsel for Plaintiff* | Atlanta, Georgia 30308 |
|  | Telephone:  (404) 614-7400 |
|  | Facsimile:  (404) 614-7500 |
|  |  |
|  | *Counsel for Defendant* |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| LISA DUNAVIN,<br><br>　　　　　Plaintiff<br>v.<br><br>CRESA GLOBAL, INC.<br><br>　　　　　Defendant. | CIVIL ACTION FILE<br>NO. 1:20-cv-05247-CAP-RDC |

## CERTIFICATE OF SERVICE

This is to hereby certify that I have this day electronically filed the foregoing **JOINT PRELIMINARY PLANNING REPORT** with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney of record:

MOORMAN PIESCHEL, LLC
Christopher G. Moorman
cgm@moormanpieschel.com
One Midtown Plaza
1360 Peachtree Street, NE, Suite 1205
Atlanta, Georgia 30309

This 19th day of February, 2021.

　　　　　　　　　　　　　　　　　　/s/ Ronald G. Polly, Jr.
　　　　　　　　　　　　　　　　　　Ronald G. Polly, Jr.
　　　　　　　　　　　　　　　　　　Georgia Bar No. 583264