IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LISA DUNAVIN,                          :
                                       :
            Plaintiff,                 :
                                       :
v.                                     :    CIVIL ACTION FILE
                                       :    NO. 1:20-cv-05247-CAP-RDC
CRESA GLOBAL INC.                      :
                                       :
            Defendant.                 :

## PLAINTIFF'S INITIAL DISCLOSURES

COMES NOW Lisa Dunavin, Plaintiff in the above-styled civil action, and, pursuant to the Local Rules for the Northern District of Georgia, LR 26.1, files these her Mandatory Disclosures and further states as follows:

## Disclosure No. 1:

State precisely the classification of the cause of action being filed, a brief factual outline of the case including Plaintiff's contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.

**Response:**

This is an employment discrimination case brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII") and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C.A., § 621.

Plaintiff's claims are for sex and discrimination; and retaliation for engaging in protected activities relating to same.

Plaintiff, an experienced and highly regarded veteran in the commercial real estate industry, was hired to be the Market Leader of the Atlanta Office of Cresa Global, Inc., a commercial real estate firm.  Dunavin began working April 29, 2019 and reported to the Atlanta Executive Committee, which consisted of Bubba Chrismer, Tom Tindall, and Jim Byrd.  Most of Dunavin's day-to-day reporting interactions were with Jim Byrd ("Byrd"), a managing principal and an Executive Committee member.

Dunavin ran into barriers while working with Byrd, whose comments, actions, and hostility repeatedly revealed gender and age bias, and sex-based stereotyping.  On repeated occasions, Byrd demeaned and undermined Dunavin and minimized her role and status in front of co-workers and support staff.

Byrd's conduct and biases and Dunavin's complaints about same were known to the other leaders in the Atlanta office and to Cresa's corporate leadership.  In light of issues raised by Dunavin, CEO Jim Underhill spoke with others about whether it would be a good idea for Byrd to "retire."

By the Fall of 2019, Dunavin indicated to Chrismer and Tindall that she would be resigning because Byrd's conduct had grown intolerable.  Dunavin was

led to believe that Byrd would be removed from the Executive Committee and that she would not have to continue reporting to him.  Because of this, Dunavin was persuaded not to resign.  However, Byrd was ultimately not removed from the EC; and Dunavin was instructed to "get past it."

A few short months later, on February 5, 2020, Dunavin was told that her position was no longer justified and that she was being terminated from the company. Cresa announced internally that Dunavin's position had been eliminated.

The legal issues in this case are whether Defendant discriminated against Plaintiff in violation of Title VII and/or the ADEA; whether Defendant retaliated against Plaintiff in violation of Title VII and/or the ADEA; and if Defendant is found liable, what damages amounts are appropriate to compensate Dunavin and punish Cresa?

### Disclosure No. 2:

Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to her action.

**Response:**  Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII") and cases thereunder; and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C.A., § 621 and cases thereunder.

**Disclosure No. 3:**

Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.  (Attach witness list to Initial Disclosures as Attachment A.)

**Response**:  See Attachment A.

**Disclosure No. 4:**

Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.  For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.  (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)

**Response**:  At this time, Plaintiff has not designated any experts who will testify at trial.

**Disclosure No. 5:**

Provide a copy of, or a description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to

Initial disclosures as Attachment C.)

**Response**:   See Attachment C.

## Disclosure No. 6:

In the space provided below, provide a computation of any category of damages claimed by you.  In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed.R.Cv.P. 34.  (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

**Response**:   See Attachment D.

## Disclosure No. 7:

Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.  (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

**Response**:   Not applicable for Plaintiff.

**Disclosure 8:**

Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiff's cause of action and state the basis and extent of such interest.

**Response:**   Plaintiff is aware of no person or entity holding a subrogation interest in this matter.

This 19th day of February, 2021.

/s/ Christopher G. Moorman
Christopher G. Moorman
Georgia Bar No. 521490

Attorney for Plaintiff
Lisa Dunavin

MOORMAN PIESCHEL LLC
One Midtown Plaza
1360 Peachtree Street, NE
Suite 1205
Atlanta, GA  30309
(404) 898-1242
cgm@moormanpieschel.com

ATTACHMENT A

**Lisa Dunavin**. c/o Chris Moorman, Moorman Pieschel LLC, 1360 Peachtree Street, NE, Suite 1205, Atlanta GA  30309.  (404) 898-1242.  Ms. Dunavin has knowledge of the facts alleged in the Complaint, the circumstances regarding her termination, her employment with Defendant, and her damages as a result of the actions described by Defendant in this case.

**Jim Byrd**.  Byrd would have knowledge of the facts and events relating to his conduct, actions, and statements, as alleged in the Complaint.

**Bubba Chrismer**.  Chrismer would have knowledge of the facts and events relating to his conduct, actions, and statements, as alleged in the Complaint.

**Tom Tindall**.  Tindall would have knowledge of the facts and events relating to his conduct, actions, and statements, as alleged in the Complaint.

**Jim Underhill**.  1813 Hoban Road NW, Washington, DC 20007.  Underhill would have knowledge of the facts and events relating to his conduct, actions, and statements, as alleged in the Complaint.

**Jim Bob Taylor**.  Taylor would have knowledge about Dunavin's hire, shortened tenure, and the behavior of Jim Byrd.

**Wendy Doumas.**  12526 Fanleaf Court, Fairfax, VA 22033.  Doumas has knowledge of Dunavin's shortened career at Cresa, the circumstances relating to

Doumas' own departure fromm Cresa and dealings with Cresa's Board of Directors, and of discriminatory bias and behavior by male employees and agents of Cresa.

**Charlene Pickus**.  Cresa HR Consultant who would have knowledge of her communications with Dunavin and with others about Dunavin; and about other employees' interactions with Jim Byrd.

**Paula McBryde / Fowler**.  Fowler would have knowledge of the facts and events relating to her conduct, actions, and statements, as alleged in the Complaint

**Shere Williams.**  Former applicant for employment who would have knowledge about her efforts towards employment at Cresa.

**Alex Dunlop.**  Dunlop would have knowledge regarding his work with Delk and Poplin in the "back room" conference room in 2019.

**Rhett Delk.**  Delk would have knowledge regarding his work with Dunlop and Poplin in the "back room" conference room in 2019.

**Will Poplin.**  Poplin would have knowledge regarding his work with Dunlop and Delk in the "back room" conference room in 2019.

**Joseph Grace**.  Grace would have knowledge of the facts and events relating to his conduct, actions, and statements, as alleged in the Complaint.

**Lisa Fry**.  6427 E. MacLaurin Dr., Tampa, FL 33647.  Doumas has

knowledge of Dunavin's shortened career at Cresa, the circumstances relating to Frey's own departure fromm Cresa, and of discriminatory bias and behavior by male employees and agents of Cresa.

**Richard Rhodes**.  Rhodes would have knowledge of the facts and events relating to his conduct, actions, and statements, as alleged in the Complaint

**Janet Stover**.  Stover would have knowledge of the facts and events relating to his conduct, actions, and statements, as alleged in the Complaint.

**Erica Hoggatt**.  Hoggatt would have knowledge of the facts and events relating to her conduct, actions, and statements, as alleged in the Complaint.

**Hunter Hill**.  2453 Tyne Terrace SE, Smyrna, GA 30080.  Hill would have knowledge of the position he was interviewing for at Cresa before Dunavin's hire.

**Cara Trani**.  Trani would have knowledge of her job description(s) and the nature of her work as the Market leader in Cresa's San Francisco office.

**Tad Laws**.  Laws would have knowledge of her job description(s) and the nature of his work as the Market leader in Cresa's Chicago office.

**Gary Gregg**.  Gregg would have knowledge of his job description(s) and the nature of his work as the Market leader in Cresa's Arizona.

**Cloteen Jasmin.**  3221 Collier Gate Court SE, Smyrna, Ga  30080. Jasmin would have knowledge of her experiences working with male leaders in Cresa's

Atlanta office.

**Brooks Morris.**  Morris would have knowledge of his conversations with Dunavin and with others about Dunavin; and about his participation or potential participation on the Executive Committee.

**Billy Hobbs**.  Hobbs would have knowledge of his conversations with Dunavin about whether she was going to be resigning from Cresa.

ATTACHMENT C

Plaintiff believes that the vast majority of the documents and things she may use to support her claims are in the possession and control of the Defendant. Plaintiff lists the following categories of documents and things which he may use to support her claims:

1.  Printouts of images and information from Cresa's website

2.  Printouts and images from LinkedIn profiles of Cresa employees and/or witnesses

3.  Pay Records relating to Plaintiff's compensation.

4.  Email communications and correspondence relating to multiple topics

5.  EEOC filings and documents, including Cresa's Position Statement

7.  Personnel Files and other HR records

8.  Position Descriptions

9.  Records and documents relating to Dunavin's employment at MEC

10.  Investigation files, notes, summaries, and reports in connection with any internal investigation or other investigation Cresa intends to reference or rely on as part of an effort at showing Cresa's "reasonable" or "appropriate" response to allegations of discrimination.

11.  Internal communications relating to Dunavin's hiring at or departure from Cresa.

12.  DOL Separation in connection with Dunavin's termination

13. Offer Letter/Agreement dated March 22, 2019

14. Performance Discipline policy and other company policies

15. Articles from industry publications about Cresa and its employees

Further documents may be identified in the course of discovery. Plaintiff reserves the right to utilize such documents.  Plaintiff will supplement her disclosures in accordance with applicable rules.

## ATTACHMENT D

a.   Back pay including lost income and other benefits of employment since Plaintiff was terminated in an amount that is continuing to accrue and may be determined at the trial of this case.  Plaintiff's base salary was $200,000 per year. To date, Plaintiff has lost approximately 12 months of income, or $200,000, plus bonus.  Plaintiff has also lost the benefit and value of benefits she was receiving as of June 1, 2019 (medical, dental etc.).

b.   Front pay damages in the form of lost income and benefits will continue to accrue.

c.   Compensatory under Title VII and § 1981, including an amount for Plaintiff's emotional pain and suffering and damages to compensate Plaintiff for violations of her civil rights.

d.   Punitive damages in an amount sufficient to punish and deter Cresa from the conduct in reckless and callous disregard of Plaintiff's rights.

e.    Pre-judgment interest in an amount to be determined at the trial of this case; and,

f.   Attorney's fees and expenses of litigation in amounts that are continuing to accrue and will be determined following the trial of this case.

This 19th day of February, 2021.

MOORMAN PIESCHEL, LLC


/s/ Christopher G. Moorman
Christopher G. Moorman
Georgia Bar No. 521490

Attorney for Plaintiff
Lisa Dunavin

One Midtown Plaza
Suite 1205
1360 Peachtree Street, N.E.
Atlanta, Georgia 30309
(404) 898-1243
cgm@moormanpieschel.com

## <u>CERTIFICATE OF COMPLIANCE</u>

Undersigned counsel certifies that the foregoing document has been prepared with one of the font and point selections (Times New Roman, 14 point) approved by the Court in Local Rule 5.1(C) and 7.1(D).

MOORMAN PIESCHEL, LLC

<u>s/ Christopher G. Moorman</u>
Christopher G. Moorman
Georgia Bar No. 521490
cgm@moormanpieschel.com

Attorney for Plaintiff
Lisa Dunavin

One Midtown Plaza
1360 Peachtree Street, N.E.
Suite 1205
Atlanta, Georgia 30309
o:  (404) 898-1240
f: (404) 898-1241

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LISA DUNAVIN,                              :
                                           :
            Plaintiff,                     :
                                           :
v.                                         :      CIVIL ACTION FILE
                                           :      NO. 1:20-cv-05247-CAP-RDC
CRESA GLOBAL INC.                          :
                                           :
            Defendant.                     :

## **CERTIFICATE OF SERVICE**

This is to certify that I have electronically filed PLAINTIFF'S INITIAL

DISCLOSURES with the Clerk of Court using the CM/ECF system, which will

send notification of such filing to the following:

Ronald G. Polly, Jr.
Hawkins Parnell & Young, LLP
303 Peachtree Street NE
Suite 4000
Atlanta, GA 30308

This 19th day of February, 2021.

MOORMAN PIESCHEL, LLC

/s/ Christopher G. Moorman
Christopher G. Moorman
Georgia Bar No. 521490

Attorney for Plaintiff
Lisa Dunavin

One Midtown Plaza
Suite 1205
1360 Peachtree Street, N.E.
Atlanta, Georgia 30309
(404) 898-1243
cgm@moormanpieschel.com