IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LISA DUNAVIN,

     Plaintiff,

v.

CRESA GLOBAL INC.,

     Defendant.

CIVIL ACTION NO.
1:20-cv-05247-CAP-RDC

## NOTICE TO PARTIES

     The time for conducting discovery in this case has expired.  In anticipation of the filing of a summary judgment motion or motions, the Court offers the parties the following guidelines:

1.     Pursuant to Local Rule 56.1(B), the party moving for summary judgment must include with the motion **a statement of material facts** to which the movant contends there is **no genuine issue** to be tried.  Each fact must be numbered, and there must be only one sentence per number.  A citation to the record must follow each numbered fact.  No more than fifty (50) numbered facts will be considered except by leave of Court.  Also, statements in the form of issues, questions, or legal conclusions (rather than material facts) will not be considered by the Court.

2.      Pursuant to Local Rule 56.1(B), a party opposing summary judgment must include, with the response brief, a separate **response to the movant's statement of material facts**.  The respondent must admit or deny each of the movant's numbered facts.  If the respondent denies a numbered fact, a concise factual explanation, limited to a brief paragraph, supported by a citation to the record must be offered.  Responses in the form of issues, questions, or legal conclusions (rather than facts) will not be considered by the Court.

3.      Local Rule 56.1(B) also provides that a respondent should include, if applicable, a statement of facts that the party contends is material and disputed.  This statement of facts must conform to the requirements set forth in Paragraph 1, *supra*.  If the respondent includes a statement of facts, Local Rule 56.1(B) requires the initial movant to file a response to each of respondent's facts.  This response must conform to the requirements set forth in Paragraph 2, *supra*.

4.      Every factual statement made in the parties' briefs should be followed by a **citation to the record**.  *See Dickson v. Amoco Performance Prods., Inc.*, 845 F. Supp. 1565, 1570 (N.D. Ga. 1994) ("It should be the party's responsibility to direct the court's attention separately to each portion of the record which supports each of the party's distinct arguments.").  These citations should include specific page or paragraph numbers, where appropriate.  Citations in briefs should not be made to the parties' statement of material facts or response thereto.

5.    The Court prefers that, if a party relies upon deposition testimony in the statement of material facts or a brief, then the party should attach complete depositions, rather than excerpts.  The complete deposition allows the Court to consider the context of the deponent's statements at summary judgment.

6.    "All documents and other record materials relied upon by a party moving for or opposing a motion for summary shall be clearly identified for the court."  LR 56.1(C), NDGa.  **Exhibits, deposition excerpts, and/or affidavits appended to the motion or response should be clearly delineated.**

   IT IS SO **ORDERED** on this 6th day of July 2021.


_____
REGINA D. CANNON
United States Magistrate Judge